# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JESSE FRANK,

          Plaintiff,

v.

JOSH SCHOEMANN,

          Defendant.

Case No. 20-CV-1293-JPS

**ORDER**

On May 24, 2021, Plaintiff moved to file an amended complaint in the present action. (Docket #13). Plaintiff's proposed amendment seeks to (1) add two additional defendants to his complaint, and (2) withdraw his First Amendment claim. (Docket #15 at 1). Defendant opposes the motion, explaining that the addition of two defendants would "cause undue delay for all parties and undue prejudice for Defendant Schoemann and the proposed new defendants." (Docket #16 at 1). Defendant does not oppose the removal of the First Amendment claim. (*Id.*) For the reasons explained below, the Court will grant Plaintiff's motion to amend.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Seventh Circuit has stressed that district courts should allow amendments "unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 358 (7th Cir. 2015). Courts favor granting leave to amend, but they act within their discretion to deny such leave when there is a substantial reason to do so. *Select Creations, Inc. v. Paliafito Am., Inc.*, 830 F. Supp. 1213, 1216 (E.D. Wis. 1993).

Like the current defendant, the two proposed defendants, Assistant Highway Commissioner Josh Glass ("Glass") and Highway Commissioner Scott Schmidt ("Schmidt"), are both employed by Washington County. (Docket #15 at 1). They allegedly were involved in the same set of events that form the underlying basis for Plaintiff's claims. Plaintiff states that, through discovery, he recently learned that Glass and Schmidt are decisionmakers who played a role in Plaintiff's employment termination. (*Id.* at 1–2). Also favoring the granting of Plaintiff's motion, no trial or dispositive-motions date have been set by the Court in this case, and discovery may continue.[1]

The cases which Defendant cites in opposition, in which courts denied motions to amend, are distinguishable from the present case. In those cases, dispositive motions had already been filed, *see Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995); *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993); years had passed since the original pleadings were filed, *see Cont'l Bank, N.A.*, 10 F.3d at 1297; several amendments had already been permitted, *see Kessel v. Cook County*, 2002 U.S. Dist. LEXIS 9030, *21, 2002 WL 1021560; or the motion to amend was filed close to the trial date, *see Perrian v. O'Grady*, 958 F.2d 192, 194–95 (7th Cir. 1992). Here, no dispositive motions have been filed, less than a year has passed since the original complaint was filed, no previous amendments have been made, and no trial dates or discovery dates have been set by the Court.

The Court finds that Plaintiff clears the relatively low bar to amend under Federal Rule of Civil Procedure 15(a). The amended complaint will

---

[1]This Court does not adopt parties' discovery plans. No court-issued discovery dates are set, and the parties are free to alter their discovery plan.

result in added time and expense for both parties, but it is not so burdensome as to be considered undue. There does not appear to be any risk that the new defendants will require an untenably large amount of additional discovery, nor is there evidence that Plaintiff has been dilatory or acting in bad faith. For these reasons, the Court will allow the amended complaint.

Finally, the parties also submitted a joint stipulation to amend the Court's schedule. (Docket #19). The parties previously filed a joint Rule 26(f) plan, (Docket #12), but, in this branch of the Court, the parties' proposed discovery dates are of the parties' own making and concern. The only dates of moment to the Court are the dispositive motions deadline, the final pretrial conference date, and the trial date, none of which have been set by the Court yet. After the newly named defendants have appeared, the Court will set a status hearing for this case via a forthcoming order. At that hearing, the Court will provide such dates.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file an amended complaint (Docket #13) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the amended complaint (Docket #13-1) be and the same is hereby the operative complaint in this action.

Dated at Milwaukee, Wisconsin, this 2nd day of August, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge